IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES S. PRICE,<br><br>            Petitioner,<br><br>v.<br><br>MICHELE WILHELM,<br><br>            Respondent. | **4:23CV3209**<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the Court for initial review of petitioner James Price's ("Price") Petition for Writ of Habeas Corpus (Filing No. 1) under 28 U.S.C. § 2254. Only where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" must a district court "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Price—a state prisoner incarcerated at the Nebraska State Penitentiary—accordingly asserts he is in custody in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

      Price was charged with one count of aiding and abetting a robbery and one count of aiding and abetting first-degree assault in connection with a 2014 mugging in downtown Lincoln, Nebraska. A jury trial was held in the Lancaster County District Court in December 2016. The trial itself lasted four days. After several hours of deliberations, the jury reported to the trial court that they continued to be deadlocked. Overruling Price's objections and his request to poll the jury, the judge declared a mistrial.

      Price filed a Plea in Bar in January 2017 to prevent retrial on grounds that a second trial would violate his "right to be free from Double Jeopardy, Due Process, and to a Fair Trial" under the United States and Nebraska constitutions. The trial court overruled Price's Plea in Bar, reasoning that the jury's reported deadlock amounted to "manifest necessity."

*See Arizona v. Washington*, 434 U.S. 497, 505-07 (stating that a prosecutor is generally "entitled to one, and only one, opportunity to require an accused to stand trial" and "must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant"). The Nebraska Court of Appeals affirmed that decision in February of 2018. *State v. Price*, No. A-17-565, 2018 WL 718501, at *5 (Neb. Ct. App. Feb. 6, 2018).

Price was retried in June 2018. The jury convicted him on both counts. The judge sentenced Price to 25 to 40 years imprisonment on each count, to be served concurrently. In June 2020, the Nebraska Supreme Court affirmed Price's conviction and sentence on direct appeal. *State v. Price*, 944 N.W.2d 279, 297 (Neb. 2020).

Price filed for state postconviction relief in May 2021. On September 13, 2022, the trial court denied Price's motion without an evidentiary hearing. The Nebraska Court of Appeals affirmed this decision, *see State v. Price*, No. A-22-687, 2023 WL 3698288, at *16 (Neb. Ct. App. May 30, 2023), and the Nebraska Supreme Court denied further review of the matter.

Having found no relief on direct appeal or in state postconviction channels, Price now challenges his sentence under 28 U.S.C. § 2254 on the grounds that his state imprisonment was secured in violation of "the Double Jeopardy Clause of the Fifth Amendment, a violation of the right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments, and a violation of the right to a fair trial and due process guaranteed by the Sixth and Fourteenth Amendments due to instances of prosecutorial misconduct."

Under Rule 4 of the Rules Governing § 2254 Cases, the Court is required to conduct an initial review of Price's petition. Only if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" should the Court summarily dismiss it. Otherwise, the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order."

Upon initial review, the Court finds summary dismissal is not appropriate in this matter. Accordingly,

IT IS ORDERED

1. The Clerk of Court shall serve copies of this order and the petition to respondent Michele Wilhelm and the Nebraska Attorney General.

2. On or before January 5, 2023, the respondent shall file a response consisting of either an answer to the petition on the merits of the claims and any affirmative defenses in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Clerk of Court shall set a case-management deadline for this date.

3. Whether filing an answer or a motion for summary judgment, the respondent shall file (1) a pleading entitled "Designation of Relevant State Court Records," describing in detail any records relevant to the petition, and (2) copies of all records described in that designation.

4. If Price determines that the respondent's designation is insufficient, he shall have fifteen days to file a motion specifically requesting additional documents and explaining the reasons the documents are relevant to his claims.

5. Whether the respondent files an answer or a motion for summary judgment, Price shall file any reply within thirty days after service of the respondent's answer or motion.

Dated this 22nd day of November 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge