IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES S. PRICE,<br><br>    Petitioner,<br><br> v.<br><br>MICHELE WILHELM,<br><br>    Respondent. | 4:23CV3209<br><br>**MEMORANDUM<br>AND ORDER** |

  Petitioner James S. Price ("Price") brought this Petition for Writ of Habeas Corpus (Filing No. 1) against Respondent Michele Wilhelm ("Wilhelm") on November 3, 2023. *See* 28 U.S.C. § 2254. In 2018, Price was convicted by a jury in the Lancaster County District Court (the "district court") of one count of aiding and abetting a robbery and one count of aiding and abetting first-degree assault. *See* Neb. Rev. Stat. §§ 28-206, 28-308, and 28-324. He is currently serving a sentence of 25 to 40 years imprisonment for those convictions at the Nebraska State Penitentiary, where Wilhelm is the Warden. *See* Rule 2, Rules Governing Section 2254 Proceedings (stating the petitioner should "name as respondent the state officer who has custody").

  Price asserts his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated during the state-court proceedings. *See* 28 U.S.C. § 2254(a) (providing "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). On November 22, 2023, the Court ordered Wilhelm to "file a response consisting of either an answer to the petition on the merits of the claims and any affirmative defenses in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56." *See* Rule 4, Rules Governing Section 2254 Proceedings (requiring the

Court to promptly examine a § 2254 petition and "order the respondent to file an answer, motion, or other response" unless "it plainly appears from the petition . . . that the petitioner is not entitled to relief").

On January 30, 2024, Wilhelm filed the state court records in Price's case (Filing No. 11)[1] and an Answer (Filing No. 12) to his petition. Wilhelm also filed a brief opposing Price's petition (Filing No. 13) that day. Having thoroughly reviewed her submissions, the Court finds Wilhelm's response largely fails to address Price's "petition on the merits of [his] claims." As described below, the Court therefore orders her to file supplemental briefing on those of Price's claims that are not procedurally barred.

I.  BACKGROUND

In the early morning hours of October 3, 2014, Patrick Pantoja ("Pantoja") and his friend Emmanuel Nartey ("Nartey") were approached by a group of three men while walking past the Nebraska State Capitol Building on 14th Street in Lincoln, Nebraska. The men asked Pantoja and Nartey if they had any money. Pantoja was hit on the back of his head moments later. The next thing Pantoja recalled was waking up in the hospital with serious injuries after being assaulted and robbed. Nartey was the only eyewitness to the attack.

In Nartey's retelling of the events, only two of the three men participated in the attack. Nartey maintained one of the assailants was white and the other was black. The third man, who did not assault or rob Pantoja according to Nartey, was white. During the investigation of the incident, law enforcement came to suspect that Price and his roommate Stelson Curry ("Curry") were involved in the attack. Curry was eventually identified as the black man involved in the attack and arrested in February 2015. He later pleaded no contest to the charges against him.

---

[1]On April 23, 2024, the magistrate judge resolved some confusion surrounding whether the records included a relevant eyewitness deposition (Filing No. 20).

Despite denying any participation in the assault, Price was arrested in July 2015. In December 2016, the district court conducted a four-day jury trial. The case was submitted to the jury on the morning of Friday, December 9, 2016. Deliberations resumed on Monday, December 12, 2016. About six hours into their deliberations, the jury sent a note to the district court stating they were having difficulty reaching a unanimous verdict. The judge consulted with the parties and instructed the jury to continue deliberating.

After a few more hours of deliberation, the jury again informed the district court that they were deadlocked. The judge questioned the foreperson with the parties present, and the foreperson expressed their belief the jury was "hopelessly deadlocked." The judge denied Price's request that the jurors be polled. Over Price's objection, the district court declared a mistrial.

Price filed a plea in bar on January 23, 2017, arguing that trying him again "would violate the right to be free from Double Jeopardy, Due Process, and to a Fair Trial." *See* Neb. Rev. Stat. § 29-1817 (providing the accused may "offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense"); *State v. Williams*, 744 N.W.2d 384, 392 (Neb. 2009) (holding that a plea in bar pursuant to that statute "may be filed to assert . . . a claim that jeopardy was terminated by entry of a mistrial"). On May 18, 2017, the district court overruled his plea in bar, finding there was manifest necessity to have declared the mistrial. *See Williams*, 744 N.W.2d at 389 ("Double jeopardy does not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant."). The Nebraska Court of Appeals ("court of appeals") affirmed that ruling on February 6, 2018, while also concluding "Price was not entitled to poll the jury as a matter of law." *State v. Price*, No. A-17-565, 2018 WL 718501, at *4 (Neb. Ct. App. Feb. 6, 2018).

3

Price's second trial began on June 14, 2018.  As Price puts it, the central "factual question for the jury to resolve was the identity of the white male who aided [] Curry in robbing and assaulting [] Pantoja."  In this regard, the prosecution emphasized the importance of Nartey's testimony several times.  In making their opening statement, the prosecutor explained, "Mr. Nartey is going to identify James Price as the white guy who was the assailant.  So, when you go back to the jury room, you are going to have to say, do we believe Mr. Nartey?  That's it.  That's what it boils down to."

The trial was held over the next few days, during which jurors heard testimony from Pantoja, Pantoja's doctor, Nartey, and law enforcement officers.  Despite the fact Nartey's testimony remained central to the prosecution's case, Price states his trial counsel failed to "properly and aggressively impeach Nartey with his numerous prior inconsistent statements."  After the prosecution rested its case, Price moved for a directed verdict.  The district court overruled Price's motion.  Price chose not to testify and presented no evidence in his defense.  His renewed motion for a directed verdict was overruled.

The case was submitted to the jury on the morning of June 20, 2018.  After several hours of deliberating, the jury found Price guilty on both counts.  Shortly after trial, Price moved for the district court to appoint new counsel, believing his trial counsel was ineffective in representing him.  The district court granted Price's motion.  The district court overruled Price's subsequent motions for judgment notwithstanding the verdict and a new trial.

Price appeared for sentencing before the district court on January 30, 2019.  The district court sentenced him to 25 to 40 months imprisonment on both counts, to be served concurrently.  Price promptly appealed his convictions and sentences to the Nebraska Supreme Court.

With the aid of his new counsel, Price again challenged the district court's earlier rejection of his request to poll the jury and overruling of his plea in bar. He also argued "(1) the State committed prosecutorial misconduct by making improper statements during closing argument, (2) the court abused its discretion when it denied his motion for a new trial, (3) counsel was ineffective, (4) there was not sufficient evidence to support his convictions, and (5) the court imposed excessive sentences." *State v. Price*, 944 N.W.2d 279, 285 (Neb. 2020). On June 5, 2020, the Nebraska Supreme Court affirmed Price's convictions and sentences, finding his ineffective-assistance claim could not be reviewed on direct appeal and rejecting the remainder of his arguments. *See id.* at 290, 297.

On May 28, 2021, Price filed a verified motion for postconviction relief in the district court. *See* Neb. Rev. Stat. § 29-3001. Therein, Price asserted he was prejudiced by alleged prosecutorial misconduct and ineffective assistance of his trial and appellate counsel. The district court overruled his motion on September 13, 2022, without holding an evidentiary hearing.

The district court deemed Price's prosecutorial-misconduct claim procedurally barred, though it also opined the claim was meritless. *See State v. Lotter*, 976 N.W.2d 721, 731 (Neb. 2022) ("[W]hen an issue could have been raised on direct appeal, it is procedurally barred from postconviction relief."). As for his ineffective-assistance claims—which primarily concerned what Price considered his trial counsel's meager cross-examination of Nartey—the district court was also not persuaded. The district court concluded Price could not establish that the bulk of the claimed insufficiencies of his trial counsel's representation prejudiced him. In looking at each of those alleged failures independently, the district court concluded Price could not show that the trial would have turned out differently if counsel had more thoroughly examined Nartey regarding prior inconsistencies in his description of the events. Price's other ineffective-assistance claims were also rejected as meritless.

On May 30, 2023, the court of appeals affirmed the district court's decision. *See State v. Price*, No. A-22-687, 2023 WL 3698288, at *1 (Neb. Ct. App. May 30, 2023). The court of appeals agreed that "[b]ecause [Price's] claims of prosecutorial misconduct were either raised or could have been raised on direct appeal, they [were] procedurally barred." *Id.* at *16. It further concluded that Price failed to show a "reasonable probability that [Nartey's] previous inconsistent statements . . . would have undermined confidence in the outcome of trial." *Id.* at *7. The Nebraska Supreme Court denied Price's request for further review on July 31, 2023. The mandate was issued on August 14, 2023.

This petition promptly followed. Price now raises three grounds for habeas relief, including (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) double jeopardy. Wilhelm asserts (Filing No. 16) Price's prosecutorial-misconduct claim is procedurally defaulted and that his other two claims fail on the merits. Price has filed a reply (Filing No. 17) maintaining he is entitled to relief based on his double-jeopardy and ineffective-assistance claims.

## II. DISCUSSION
### A. Prosecutorial Misconduct

To start, Wilhelm asserts Price's prosecutorial-misconduct claim is procedurally defaulted based on the court of appeal's determination that the claim was "procedurally barred because it was raised or could have been raised on direct appeal." With respect to that claim, Price accuses the prosecution of improperly bolstering Nartey's credibility and making misleading statements about the record. Price claims those alleged instances of misconduct violated his rights to a fair trial and due process.

Under the adequate-and-independent-state-grounds doctrine, the "Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). That jurisdictional rule

bars federal courts from reviewing "claims that a habeas petitioner has defaulted in state court 'pursuant to an independent and adequate state procedural rule.'" *Harris v. Wallace*, 984 F.3d 641, 647-48 (8th Cir. 2021) (quoting *Coleman*, 501 U.S. at 750). This bar may only be overcome if the petitioner demonstrates cause "to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 528 (2017) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

Price has not responded to Wilhelm's argument. But the record demonstrates the court of appeals found he defaulted his prosecutorial-misconduct claim based on an adequate and independent state procedural rule. *See Cruz v. Arizona*, 598 U.S. 17, 25-26 (2023) ("Ordinarily, a violation of a state procedural rule that is 'firmly established and regularly followed . . . will be adequate to foreclose review of a federal claim.'" (quoting *Johnson v. Lee*, 578 U.S. 605, 606 (2016))). Nebraska courts "have consistently said that a motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal." *State v. Lessley*, 978 N.W.2d 620, 635 (Neb. 2022); *see also Johnson*, 578 U.S. at 609 (holding a similar procedural rule under California law was an adequate state ground barring federal habeas review). It was on this ground that the court of appeals found Price's claim was procedurally defaulted. *See Price*, 2023 WL 3698288, at *16. Without any attempt from Price to rebut Wilhelm's assertion or show cause for this default,[2] the Court concludes it is barred from reviewing the prosecutorial-misconduct claim presented in Price's petition for habeas relief.

---

[2]Price does not appear to assert his appellate counsel was ineffective for failing to raise this claim on direct appeal.

**B.    Double Jeopardy and Ineffective Assistance**

Despite the broad claims in her Answer,[3] Wilhelm does not advance any procedural arguments against Price's double-jeopardy and ineffective-assistance claims. Though she avers these claims are "without merit," Wilhelm has failed to file a meaningful response to Price's non-trivial arguments regarding the court of appeal's analysis. Her brief is laden with multi-page block quotes from the court of appeals' decisions and fails to even attempt to apply the relevant standards of review to the facts of this case. Without more, Wilhelm's bald conclusion after each elongated quote that Price cannot demonstrate the court of appeals erred falls short of the response the Court envisioned by ordering her to address the merits of his claims.

Therefore, to ensure the Court gives due consideration to Price's claims,

IT IS ORDERED:

1. Petitioner James S. Price's claim under 28 U.S.C. § 2254 for prosecutorial misconduct is dismissed.
2. Respondent Michele Wilhelm shall file a proper response to Price's double-jeopardy and ineffective-assistance claims on or before October 25, 2024.
3. Price may thereafter file a reply to Wilhelm's additional briefing on or before November 8, 2024.

Dated this 25th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[3]Wilhelm's Answer vaguely states Price's "habeas claims have been procedurally defaulted." Her brief, however, only asserts that argument against Price's prosecutorial-misconduct claim. *See Jones v. Norman*, 633 F.3d 661, 666 (8th Cir. 2011) ("When a state fails 'to advance a procedural default argument, such argument is waived.'" (quoting *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002))).